## GUARDIAN DENIED BENEFITS FROM SALE OF PROPERTY OF WARD.

Circuit Court of Cuyahoga County.

HENRY J. OSTENDORF, GUARDIAN, v. LOUISA M. SHALE ET AL. *

Decided, March 27, 1905.

*Guardian and Ward—Property of Ward Sold by Guardian—Purchase Price Provided by Guardian—Trust Created and Benefits Denied to Guardian—Accounting Granted.*

Where a guardian negotiates what is in form a sale of the goods of his ward, but himself assumes the payment of the purchase price, in consideration of a conveyance of land by the purchaser to such guardian personally, the latter will not be permitted to benefit by such transaction, but will be held to have acquired such land in trust for the benefit of his ward.

*Foran, McTighe & Gage,* for plaintiff.
*Meyer & Mooney,* for defendants.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

This cause is here on appeal. It is essentially a controversy among the children and certain grandchildren of Henry Beckman, Sr., over what remains unsold of ten acres of land on Bolton avenue, together with the proceeds of the part that has been sold. The history of the title to this land is in brief as follows:

Henry Beckman, Jr., son of Henry Beckman, Sr. (both now deceased), purchased the land from certain executors, under circumstances which seem to indicate that the father furnished the purchase money, but being unable lawfully to take the title, by reason of his having been one of the appraisers, he caused the deed of conveyance to be made to his son. We shall give no further consideration to this phase of the controversy, since it furnishes no sufficient proof of the existence of any lawful trust. The family, however, seem to have urged upon Henry Beckman,

---

* Affirmed by the Supreme Court without report, *Shale* v. *Ostendorf*, 75 Ohio St., 581. See opinion immediately following.

Jr., that he had no right to the property, and finally, just after his marriage, he conveyed it to his mother for $10,000. His mother was at that time the guardian of her husband, who was mentally incompetent, and on the same day she as such guardian transferred to her son Henry a stock of goods, belonging to her husband, of the appraised value of $13,394.11. Of this amount, it seems clear that Henry, Jr., paid only the excess over $10,000. Before the mother was called upon to account in the probate court for the proceeds of the goods so sold, her husband died, and she, being the legatee of his personal property, alleged that fact and her consequent ownership of the fund, in lieu of any strict accounting.

At the time, however, of her sale of the goods and acquisition of the land, Henry Beckman, Jr., was prospectively entitled, by the terms of his father's will (then unalterable in view of the latter's condition of mind), to the sum of $10,000, payable out of the stock of goods in question; so that the inference is plain that the transaction was in this respect an anticipatory settlement of the father's estate.

Mrs, Beckman, Sr., thenceforward treated the land as her own, giving it first to certain of her daughters, being five of her seven children, by a deed, which, however, she never effectually delivered but retained in her own possession until her death. After making this deed allotted the land and conveyed large parts of it again to various innocent purchasers. She had power under her husband's will to make such conveyances for the benefit of his estate, but she converted the proceeds to her own use, and finally, by her will, of which the same five daughters were made the executors, she excluded her deceased son Henry's children and the children of her daughter, Mrs. Ostendorf, from any participation in said proceeds. The deed to the five daughters was put on record after her death, and they have ever since continued in the exclusive enjoyment of the premises.

It is now sought to have this deed set aside and to obtain an accounting of the proceeds of the lots sold, so that the other heirs may participate in all the property in question under the provisions of the will of Henry Beckman, Sr.

Plaintiff claims that the deed from Henry, Jr., to his mother was made in trust, and produces evidence of T. H. Graham, Esq., that Henry, Jr., so declared at the time the conveyance was made. The defendants, however, insist that Graham's testimony is incredible because he himself drafted the deed from Mrs. Beckman, Sr., to her five daughters, which would have been in direct violation of the alleged trust, had it existed. They further urge that she herself assumed the burden of accounting for $10,000 of the price of the stock of goods which she sold to her son, so that it can not be held that she paid for the land with $10,000 of her husband's property.

It is enough to say in answer to this last contention that a guardian can not be permitted thus to traffic or juggle with his ward's estate. Nor can it benefit the defendants that the $10,-000 worth of goods was already prospectively the property of Henry, Jr., thus exonerating his mother from any breach of trust in turning it over to him; for that would be to say that Mrs. Beckman, Sr., obtained the land from her own son under the form of a purchase without in fact paying anything for it.

On the whole case we are satisfied that plaintiff's contentions are well founded and, without further discussion of the evidence, except to say that at every point defendants' counsel have most ingeniously presented the best possible side of a desperate case, we hold that the children of Mrs. Ostendorf and Henry Beckman, Jr., are entitled to participate in the property in question, and a decree may be taken accordingly.